**KWK RADIO, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 18250.**

United States Court of Appeals District of Columbia Circuit.

Argued May 27, 1964.

Decided June 11, 1964.

Petition for Rehearing en Banc and before the Division Denied . Sept. 19, 1964.

Mr. Arthur M. Solomon, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. Jack P. Blume,

New York City, was on the brief, for appellant.

Mr. Arthur B. Goodkind, Attorney, Federal Communications Commission, with whom Mr. Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, and Mr. Max D. Paglin, General Counsel, Federal Communications Commission at the time the brief was filed, were on the brief, for appellee. Mr. Henry Geller, General Counsel, Federal Communications Commission, and Mrs. Ruth V. Reel, Attorney, Federal Communications Commission, also entered appearances for appellee.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

PER CURIAM:

Following hearings and other proceedings the Federal Communications Commission by order revoked the standard broadcast station license of KWK Radio, Inc., the appellant, operator of station KWK, St. Louis, Missouri. The Commission based its order on its findings that KWK, under the direction of its general manager, who was also one of its Vice Presidents, had conducted two treasure hunts in a manner which constituted deliberate fraud upon the public, thus bringing the operation of the station within the scope of Section 312(a) (2) and (3) of the Communications Act.[1] The Commission rejected appellant's contention that the order was invalid because the provisions of Section 9(b) of the Administrative Procedure Act[2] regarding notice as a condition to revocation had not been complied with, pointing out that the section is inapplicable to "cases of willfulness", as was appellant's conduct. The Commission also rejected the contention of appellant that, assuming the misconduct to be as found, revocation was too severe a remedy. The Commission gave careful consideration to this contention, reviewing the over-all conduct of appellant in operating the station and finding therein insufficient reason for action less severe than revocation.

We too have carefully considered the record. We conclude that the ruling as to notice was correct, and that the record clearly supports the findings and conclusions of the Commission. While revocation is indeed severe we do not feel justified, in view of the record, in substituting a different judgment from that reached by the agency having primary responsibility for protection of the public in these matters. See Federal Communications Comm'n. v. WOKO, Inc., 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204 (1946).

Affirmed.

---

1. Section 312(a) (2) and (3) provides:
"The Commission may revoke any station license or construction permit—
*　　*　　*　　*　　*
"(2) because of conditions coming to the attention of the Commission which would warrant it in refusing to grant a license or permit on an original application;

"(3) for willful or repeated failure to operate substantially as set forth in the license;
*　　*　　*　　*　　*"
66 Stat. 716 (1952), as amended, 47 U.S. C. § 312(a) (2) (3) (Supp. IV 1962).

2. 60 Stat. 242 (1946), 5 U.S.C. § 1008(b) (1958).